W. E. DAVIS ET AL. v. RECEIVERS OF THE HOUSTON OIL COMPANY.

Decided May 7, 1908.

**1.—Limitation—Ten Years—Possession—Evidence.**

In a suit of trespass to try title to 160 acres of land, the plaintiff claiming under the ten years' statute of limitation, it appeared from the evidence that the land in controversy was a quarter of a 640-acre survey; that the 160 acres claimed by plaintiff had never been actually surveyed or in any manner segregated from the remainder of the survey; the plaintiff made. his improvements about the center of the 160-acre tract, his enclosure embracing from eight to sixteen acres, and his possession began and continued with the intention to acquire 160 acres by limitation. Held, the trial court erred in limiting plaintiff's recovery to the land actually enclosed.

**2.—Same—Cases Distinguished.**

The cases of Titel v. Garland, 99 Texas, 201; Bracken v. Jones, 63 Texas, 184; Rice v. Goolsbee, 45 Texas Civ. App., 254, discussed and distinguished.

Appeal from the District Court of Tyler County. Tried below before Hon. W. B. Powell.

*Joe W. Thomas,* for appellants.—It is not necessary under claim of title by statute of ten year limitations, that the land so claimed be surveyed and designated by marked lines and boundaries for ten years prior to commencement of suit, but actual possession of part and adverse claim to the whole 160 acres described in the pleadings, meets the requirements of the statute, and the question of adverse possession is for the jury. The law requires a *claim* to the whole which embraces that actually held and occupied, and not that all the 160 acres be "*held*" by them by specific and definite boundaries or marked lines." Rev. Stats., arts. 3343, 3347, 3348, 3349 and 3350; Word v. Drouthett, 44 Texas, 369-371; Thayer v. Clark, 19 Texas Ct. Rep., 344; Behring v. Ashley, 30 S. W., 838; Parker v. Cameron & Co., 39 Texas Civ. App., 30; Barrett v. McKinney, 15 Texas Ct. Rep., 260.

*Denman, Franklin & McGown, Lanier & Martin* and *Taliaferro & Nall,* for appellees.—Where there is no disputed material fact, it is not error for the court to give a peremptory charge to the jury.

Where the proof shows, in any case, that there was no disputed issue under the pleadings and evidence, it is proper for the court to peremptorily charge a jury.

It is necessary under a claim of title by statute of ten years limitation by naked trespasser, that the land claimed be actually occupied, actually possessed, and that the limits of the claim be designated by some boundary visibly defined, and the proof must show that the particular land described in the petition has been in possession of the party claiming and has been claimed, according to the description in the petition, for the full period of ten years before plaintiff will be authorized to have a judgment for 160 acres of land. It must be claimed by the metes and bounds as defined in his petition or he could only recover what the proof showed he actually had under fence, if such enclosure was occupied for the full period of ten years. Titel v. Garland, 99 Texas,

201; Bracken v. Jones, 63 Texas, 184; Rice v. Goolsbee, 45 Texas Civ. App., 254; Giddings v. Fischer, 97 Texas, 184.

REESE, ASSOCIATE JUSTICE.—Suit by W. E. Davis and Joe W. Thomas against the receivers of the Houston Oil Company in trespass to try title to recover 160 acres of land, being the southeast quarter of survey No. 50, G. & B. Navigation Co., in Tyler County. The suit was begun November 3, 1906. Plaintiffs pleaded title under the ten-year statute of limitation to the 160 acres, in Davis. The case was tried with a jury. The court, at the request of the defendant, charged the jury to return a verdict for plaintiffs for the land actually held under enclosure by them, and verdict was rendered accordingly. From the judgment, their motion for a new trial having been overruled, plaintiffs appeal.

By appropriate assignments of error appellants complain of the error of the trial court in limiting their right of recovery to the land actually enclosed by them, and contend that under the evidence they were entitled to recover the entire 160 acres.

The undisputed evidence established the following facts: W. E. Davis in 1893 settled upon the southeast quarter of the section referred to, making his home and erecting his improvements near the center of the 160 acres. He built a house and kitchen and fenced about eight acres of land and planted an orchard. Since, he has added to his enclosure until now he has about 16 acres enclosed and in cultivation. He has continuously resided on the land with his family of a wife and six children since he first settled there in 1893, cultivating a small farm in the usual crops, up to the present time, with the exception that about five or six years before the trial he went with his family to Louisiana, where his family remained for about two years. He returned in five or six months. While he was absent he left his brother in charge of the place, who cultivated the field. He also left some articles of household furniture in the house. His absence, and that of his family, was only intended to be temporary. At another time, for two or three months, he lived with his family in a tent, off of the land claimed, while he was engaged in keeping a ferry, still, however, cultivating the small farm.

When Davis first settled on the land he did so with the intention of acquiring title to the 160 acres embraced in the quarter section in controversy. He did not have this 160 acres surveyed off until about a year or two before the trial, nor did he mark off the lines of his claim. All he did was to step off the 160 acres, using the east and south lines of the section which were marked and identified. From these lines, at the proper distances from the corner, he stepped off what he intended to be, and what was substantially, the 160 acres in controversy and claimed by him, including his improvements about the center of the tract. Davis's possession was open and notorious and adverse to appellees and every one else. He settled on the land with the intention, from the beginning, of claiming the entire 160 acres and of maturing his occupancy into a title under the statute of limitations of ten years. His possession was peaceable and uninterrupted by suit until the institution of the present action. His claim to the land was known to his

neighbors, but it does not appear that he gave notice to any one, or that they knew, that he claimed the identical 160 acres to which he now sets up title. Davis at first probably thought it was public land, but there is no evidence that that fact affected his intention which was to settle upon it, and by setting up claim to the 160 acres perfect his title by limitation if he could. Appellee has title to the land unless divested by appellant's limitation title.

Appellees contend that Davis only claimed the specific 160 acres sued for "in his mind," his claim being a mere mental process, and that there was no outward manifestation of such inward intention, further than was afforded by his actual improvements and enclosure, such as would give notice to appellees of the adverse claim to the specific 160 acres, and relies upon the decisions of the Supreme Court in Titel v. Garland (99 Texas, 201), Bracken v. Jones (63 Texas, 184), and of this court in Rice v. Goolsbee (45 Texas Civ. App., 254), in support of such contention that such claim is insufficient to support a title to land outside of the actual enclosure, under the ten years statute.

Certain expressions in the opinions in those cases seem to sustain this contention, but we think they must be taken in connection with the facts of the respective cases. In Bracken v. Jones, it is said that "the construction of the statute must be confined to the facts of the particular case." (Mooring v. Campbell, 47 Texas, 41.) In each of the cases cited the improvements or enclosure of the person invoking the aid of the statute were placed, by mistake, over the line of adjoining land owned by him. In Bracken v. Jones the settlement was made upon public land, but subsequently a survey of the adjoining tract disclosed that about four acres of the field was on this adjoining tract. By virtue of this possession the settler, Bracken, claimed title by ten years limitation to 640 acres of the adjoining tract upon which was the four acres. The court says:

"It can scarcely be said that in such a case as the present the possession is notorious, visible and distinct so as to fulfill the requirements of the ten years section of the statute of limitation. Whilst the true owner is chargeable with a knowledge of the boundaries of his land, he can hardly be affected with notice that a neighbor who has encroached a few feet upon his tract, is doing so for the purpose of acquiring title to six hundred and forty acres of it. He would rather impute it to a mistake on the part of the apparent trespasser as to the division line between them. Whilst this might not excuse the party trespassed upon for not asserting his right to the land actually occupied by the trespasser, it would certainly save him from such consequences as the loss of a section of his land. The party encroaching would be entitled to no more than the land actually occupied by him."

The facts in Titel v. Garland and Rice v. Goolsbee are so similar to those above detailed, as the basis of the holding in Bracken v. Jones, as to render a more specific statement unnecessary. In each case the enclosure and improvements were right on the line and encroached to the extent of 12 acres in the Titel case, and about 5 acres in the Goolsbee case, over on the land sought to be acquired, in each case on account of mistake as to the line between the land already owned and that sought to be acquired under the statute. In the present case ap-

pellant's improvements, his dwelling house and small farm were substantially in the center of the 160 acres claimed and certainly afforded a sufficient notice of an appropriation of some of the land.

Notwithstanding the want of notoriety as to the exact limits of the land so claimed and intended to be appropriated, as embracing the 160 acres, we are of the opinion that Davis's possession was sufficient notice of that fact, and entitled appellants to the entire 160 acres under his limitation title. (Word v. Drouthett, 44 Texas, 369; Giddings v. Fischer, 97 Texas, 188; Behring v. Ashley, 30 S. W., 838; Parker v. Cameron, 39 Texas Civ. App., 30.)

That appellant's possession was sufficient under the statute to perfect his title to some of the land was substantially admitted by appellees, as shown by the charge given at their request to find for appellant for the land covered by his actual enclosure. The material facts are undisputed. The trial court should have instructed the jury to return a verdict for appellants for the land claimed by them. The judgment is reversed and judgment here rendered for appellants for the entire 160 acres as described in the petition.

*Reversed and rendered.*

Writ of error refused.