GEORGE WILLIAMS ET AL. v. TEXAS & NEW ORLEANS RAILROAD COMPANY.

Decided November 4, 1908.

**1.—Limitation—Possession—Claim of Title.**

The fact that one in possession of land was mistaken in the right under which he held it would not prevent him from acquiring title under the ten years statute of limitation, provided the possession was actual and adverse to the true owner.

**2.—Limitation—Pleading—Boundaries.**

Though the plea of limitation does not identify or describe the tract claimed by defendant out of a larger survey sued for, yet if it is identified and described in the evidence the issue of limitation as to the part held in actual possession for ten years must be submitted to the jury. Thompson v. Dutton, 96 Texas, 207, followed.

**3.—Practice on Appeal—Judgment—Damages—Recovery of Land.**

A judgment for damages against defendants charged with unlawfully cut-

ting timber, partly on land claimed by a co-defendant against whom plaintiff also recovered in trespass to try title, must be reversed where the recovery against the latter is reversed for failure to submit to the jury his claim of title by limitation.·

Appeal from the District Court of Jasper County. Tried below before Hon. W. B. Powell.

*Holland & Holland,* for appellant.

*T. D. Cobbs, Ira P. Hildebrand* and *Baker, Botts, Parker & Garwood,* for appellee, cited: Holding slight encroachment where line undetermined not adverse: Blassingame v. Davis, 68 Texas, 595; Hand v. Swann, 1 Texas Civ. App., 241; Tucker v. Smith, 68 Texas, 482; Montgomery v. Gunther, 81 Texas, 325; Porter v. Miller, 76 Texas, 596; Bartlett v. Brown, 25 S. W., 1110.

Holding that the evidence of the squatter who claims under limitation title must show that his claim was open, adverse and continuous: Richards v. Smith, 67 Texas, 612; Parker v. Baines, 65 Texas, 609; Rhodes v. Whitehead, 27 Texas, 31C; Wheeler v. Moody, 9 Texas, 377.

Holding squatter must plead and prove his boundaries: Giddings v. Fisher, 77 S. W., 219; Doom v. Taylor, 35 Texas Civ. App., 251; Titel v. Garland, 27 S. W., 1152; Webb v. Lyerla, 43 Texas Civ. App., 124; Texas & N. O. Ry. Co. v. Haines, 97 S. W., 249; Rice, Executor, v. Goolsbee, 99 S. W., 1031.

FISHER, CHIEF JUSTICE.—This is a suit by the appellee, the railway company, against George Williams and others, in trespass to try title, and to recover damages for trespass committed by appellants in the cutting and appropriation of certain timber on the lands described in the plaintiff's petition. The plaintiff's petition seeks to recover from the appellant George Williams and his codefendants a section of 640 acres, described in the petition, and it is alleged that the defendants cut and appropriated, and converted to their own use, a certain quantity of timber growing on the land in question.

All of the defendants except Henry Williams disclaimed title. Henry Williams pleaded the ten years statute of limitation, and that plea is general as to all of the land sued for by the plaintiff.

Verdict and judgment below was in favor of the railway company against all of the appellants on the subject of damages except George Williams. There was no recovery whatever against him.

On the subject of title the court instructed the jury to return a verdict against Henry Williams, and did not submit to the jury the question as to whether there is any merit in the plea of limitation asserted by him. This peremptory instruction of the court on the subject of title is the question that we will first deal with.

There is evidence which tends to show that Henry Williams was in actual possession of a part of the land sued for. There is a conflict in the evidence as to the quantity of land which he was in actual possession of. There is some testimony limiting it to about two or three acres, and other evidence stating the number of acres as about twelve; but it is undisputed that he was in actual possession of some of the land, and if the

evidence is sufficient to submit the question of limitation the quantity would be a question to be passed upon by the jury. Henry Williams connects his possession with his father, George Williams, and George Williams, about twelve or thirteen years prior to the time of trial, so he testifies, acquired the right to this land from another party who then had possession of the same. George Williams testified that the part claimed by Henry Williams, of which he was in actual possession, was used and cultivated by George Williams prior to the time that he gave to his son, Henry Williams, whatever right or claim he possessed; and it is clear from the evidence that the two possessions—that is, of George Williams and Henry—extended over a period of ten years prior to the time that appellee filed its suit. The land which was in actual possession of these parties was not described in the appellant Henry Williams' plea of limitation. The fact that George Williams may have been mistaken in the right under which he held the land prior to the time that he gave it to his son Henry would not deprive him or Henry Williams of the right of asserting a claim under the ten years statute, provided the possession was actual, and adverse to the true owner (Converse v. Ringer, 6 Texas Civ. App., 51; Longley v. Warren, 11 Texas Civ. App., 269; Price v. Eardley, 34 Texas Civ. App., 60; Morgan v. White, 110 S. W., 492); and the evidence upon this issue is of such a nature as would entitle the appellant Henry Williams to have that question passed upon by the jury. Since the decision of Thompson v. Dutton, 96 Texas, 207, we have recognized the rule to be that, although the plea asserting the ten years limitation fails to sufficiently identify and describe the particular land in actual possession of the defendant, yet, if it is sufficiently identified and described by the evidence, the issue of limitation must be submitted to the jury. In the case cited, the defendant disclaimed as to all of the land sued for except a tract of about nine acres, which he attempted to describe in his plea of limitation by metes and bounds. This court held that that description was so imperfect that it did not identify the land to which the right was asserted, and, for that reason, that the trial court committed no error in instructing a verdict for the plaintiff. It was established by the facts in that case that the defendant actually and continually occupied a dwelling house located upon the nine acres. The Supreme Court, in differing with this court and in reversing the judgment below, used this language: "We think that the ruling of the court to the effect that the defendant, under his plea of limitation of ten years, could only hold so much of the land as was actually occupied by him and those under whom he claimed, was correct; but we are also of the opinion that the evidence tended to show that the dwelling house was so continuously occupied, and that, therefore, as to the land, at least, upon which the house stood, he was entitled to a judgment, provided the jury, upon a proper submission of the issue, had found that there had been adverse and continuous occupancy for ten years before defendant was brought into the suit."

The plea of limitation in that case did not separately describe and identify the ground upon which the dwelling house was located. The principle decided in that case is applicable here, and the court should have submitted the question of limitation to the jury. And we are also of the opinion that the case referred to is further applicable to the facts

of this case in justifying us to conclude that there is nothing in the evidence here that would authorize the plea to be extended beyond the quantity of land in the actual adverse possession of the defendant. We say this much, in view of the fact that the rule is generally recognized that, when the defendant is in actual adverse possession of a few acres, he would be authorized under the statute to recover 160 acres, but that construction of the statute only arises in a case in which there is an assertion and claim to the 160 acres. As before said, the facts do not justify the contention that appellant was asserting a claim by limitation beyond the quantity of which he was in actual possession. These expressions are merely intended to limit the plea to the facts as shown by the record, which is an assertion of claim only to the land in actual possession, and it is not intended to restrict or control the right of appellant Henry Williams upon another trial, if he can do so, to assert a right to the 160 acres, the quantity allowed by law to a naked trespasser who may be in actual adverse possession of a part, claiming all.

These views lead to the conclusion that the trial court erred in not submitting to the jury the question of limitation. This view will necessitate a reversal also of that branch of the case which asserts a claim for damages. If Henry Williams is entitled to recover on his plea of limitation the plaintiff could not recover for the appropriation of the timber taken from the land that Williams should recover—that is, the timber that was appropriated since his right was acquired under the ten years adverse occupancy. There is evidence which tends to show that Henry Williams and his codefendants, other than his father, George Williams, either cut and appropriated or purchased from Henry Williams timber growing upon the quarter section, a part of which Henry Williams was in actual possession. If Henry Williams' plea of limitation should prevail either to the three or twelve acres, or if upon another trial it should be determined that he is entitled to recover 160 acres, of course he, nor those that purchased from him, could not be held liable to the plaintiff for the value of the timber taken from the land that he should recover. When we recognize the right of Henry Williams to have the question of limitation passed upon by the jury for the recovery by him of a part of the land upon which it is alleged the trespass was committed, of course, we materially limit the plaintiff's recovery for damages.

The question as to the uncertainty of the evidence urged in some of appellant's assignments fixing the amount of damages need not, in view of the disposition that we make of the case, be passed upon. That is a question of fact that will doubtless be determined and made certain upon another trial.

For the reasons stated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Application for writ of error dismissed for want of jurisdiction.