HOUSTON OIL CO. OF TEXAS v. LAM-
BERT et al.

(Court of Civil Appeals of Texas. Galveston. Oct. 18, 1913. Rehearing Denied Nov. 13, 1913.)

1. ADVERSE POSSESSION (§ 115*) — ACTIONS — EVIDENCE—SUFFICIENCY.

In an action for land which plaintiff claimed by prescriptive title, evidence *held* sufficient to go to the jury on the issue of plaintiff's claim to the specific land described in his petition and in the field notes of the surveyor, and of such claim for the period of limitations.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 314, 691–701; Dec. Dig. § 115.*]

2. TRIAL (§ 260*) — INSTRUCTIONS — REFUSAL OF REQUEST COVERED BY THOSE GIVEN.

In a suit over land which plaintiff claimed by prescriptive title, where defendant requested two special charges on the issue as to whether plaintiff's grantor had ever claimed a definite tract, the giving of one of the special charges was sufficient, and defendant cannot complain of the refusal of the other.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

Appeal from District Court, San Augustine County; L. D. Guinn, Judge.

Action by W. D. Lambert against the Houston Oil Company of Texas in which Ned Douglas intervened. From a judgment for plaintiff and intervener, defendant appeals. Affirmed.

Hightower, Orgain & Butler and J. D. Campbell, all of Beaumont, for appellant. June C. Harris, of Nacogdoches, and S. M. Davis, of Davis, Okl., for appellees.

McMEANS, J. W. D. Lambert, claiming the merchantable pine timber on 85 acres of land, part of a 160-acre survey out of H. T. & B. section No. 15 in San Augustine county, and Ned Douglas, intervener, claiming title to said 85 acres, brought this suit against the Houston Oil Company of Texas for the recovery of same. It was agreed that the record title to the land is in the Oil Company, and that it is entitled to a judgment for the land and timber unless its right of recovery is defeated by the claim of Lambert and Douglas, based on the statutes of limitation of ten years. A trial before a jury resulted in a verdict and judgment for the plaintiffs, and the defendant Oil Company has appealed.

Appellant requested the court to give to the jury its first and second charges, both of which were peremptory instructions to return a verdict for it, and also requested the court to give its third special charge, which contained the instruction in effect, that before the plaintiff and intervener can recover anything in this suit the jury must be satisfied from the evidence that the land embraced in the field notes set out in plaintiffs' petition was the identical land which was claimed by Ned Douglas for a period of ten consecutive years prior to the institu-

---

tion of the suit on January 3, 1911, and that said land as so described was by some means designated or defined on the ground during such period before the suit was filed. The refusal of the court to give said charges is made the basis of appellant's first, second, and third assignments of error, and under these the appellant asserts the proposition, in substance, that in order to recover land under the statute of limitation of ten years the claimant must show statutory possession of the identical land sued for by the identical boundaries in his petition, and that this had not been shown by the testimony on the trial in the court below.

[1] The 160 acres is described by field notes in plaintiffs' petition. It appears that before the filing of the suit Ned Douglas sold 75 of the 160 acres, and his vendee did not join in the suit as party plaintiff, nor was he made a party. According to the testimony of Douglas, he bought the 160 acres in question from Zetta Curl in 1886 by an instrument in writing which was introduced in evidence, and which is as follows: "Know all men by these presents, that I, Zetta Curl, of the county of San Augustine and state of Texas, for and in consideration of the sum of $160.00, one hundred and sixty dollars cash pade me in hand by Ned Douglas for a firm 160 acrés, I bargain, sell and convey, bargained, sold and conveyed and by these presents grant sell to Ned Douglas my homestid premises included and do bind myself." Douglas testified that the land he bought from Zetta Curl is the same 160 acres that he had sued the Houston Oil Company for; that he had it surveyed out about five years before bringing the suit; and that the land so surveyed was the same that he so purchased and intended to occupy and live upon. We quote his testimony: "This very land that is involved in this suit has a house upon it with somebody living in it, and I remained there from 1886 to 1898, farming each year. The whole tract of 160 acres was surveyed at the same time five years ago. I don't suppose that is the first time the land has ever been surveyed. There were hacks around it—old hacks. I guess the property I am claiming has been surveyed. As to how I know what land I was claiming until that was done, it was claimed by other places adjoining it. The other place was 160 acres. The 160-acre tract is what I bought from Aunt Zetta. I reckon it was five years ago I had it run out. Up to that time I did know where my 160 acres of land was because I knowed where the house was. I can map it out to you mighty quick. Here is the Ned Garrett place, and here is the Zetta Curl place. This was claimed from here to this branch here. Here was the way the place was lying. This dotted line was the line. Those are the metes and bounds I had." Again he says: "Over there is the Ned Gar-

rett place on the east end. * * * My western boundary line, as I understood in my purchase from Zetta Curl and as she conveyed it to me, extended to the branch. The north line was to run with this land to the branch. The south line was to run from the corner to the branch—the first corner. I mentioned there—we call it the northwest corner of the Ned Garrett. This (the 160 acres in controversy) is on the western side of the Ned Garrett. It was to run from the northwest corner to the branch, and from the southwest corner to the branch. The east line was the Ned Garrett west line. When I bought this land from Zetta Curl in 1886, there were some hacks around that 160 acres where this last survey is—some old hacks there. The last survey made by the surveyor ran with those hacked lines. Now and then we could find some hacks on the trees. We couldn't find them all the way but we could part of the way." The "dotted" line to which Douglas referred indicates on a map or plat the 160 acres claimed by him as run out by the surveyor.

We think the testimony of Douglas above quoted is sufficient to raise the issue of his claim to the specific 160 acres described in his petition and in the field notes of the surveyor, and of such claim for a continuous period of time to perfect his title thereto under the ten-year statute of limitation, and that the requirements stated by the Supreme Court in Louisiana & Texas Lumber Co. v. Kennedy, 103 Tex. 297, 126 S. W. 1110, and by this court in Louisiana & Texas Lumber Co. v. Stewart, 130 S. W. 199, were substantially met. See Davis v. Receivers of Houston Oil Co., 50 Tex. Civ App. 597, 111 S. W. 219. It follows therefore, that the court did not err in refusing to instruct a verdict in favor of appellant, as complained of in its first and second assignments of error.

[2] There was testimony, and notably that of the surveyor, McLaurin, who ran out the 160 acres for Douglas, which was sufficient to raise the issue as to whether the lines which Douglas claimed had ever been surveyed before and, incidentally, as to whether Douglas ever claimed a definite 160 acres. On the issue thus raised two special charges were asked by appellant and one of them, which follows, was given: "You are instructed that before you can find in favor of plaintiff or intervener for anything in this suit you must believe from a preponderance of the evidence that Ned Douglas at some period of the ten consecutive years before the filing of this suit claimed the specific land as described in his petition herein, and that during all of such period of ten consecutive years he had and held open and notorious adverse possession of the land so described, and if you do not so find your verdict must be for the defendant in this case." The giving of this special

charge rendered the giving of the charge set out in the third assignment of error unnecessary.

The appellant having requested the giving of two special charges covering the same issue, one of which was given, cannot complain that the other was not also given. The assignments are overruled.

We have carefully considered appellant's remaining assignments of error, and are of the opinion that none of them points out reversible error. The seventh and eighth assignments are not followed by such a statement as is required by rule 31, and are not therefore entitled to consideration. The record discloses no reversible error, and the judgment of the court below is affirmed.

Affirmed.