THOMPSON BROS. LUMBER CO. v. WILLIAMSON et ux. (No. 5500.)†

(Court of Civil Appeals of Texas. San Antonio. June 2, 1915. Rehearing Denied June 23, 1915.)

1. ADVERSE POSSESSION ☞54 — ACQUISITION OF ADVERSE TITLE.

Where an adverse holder resided on the land in suit for over 12 years, her title by adverse possession was perfected, and though she removed to an adjoining tract, from which place she exercised control over the land in suit, she did not lose her title.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. § 271; Dec. Dig. ☞54.]

2. ADVERSE POSSESSION ☞100—CLAIM—ASSERTION.

Where the adverse holder knew the exact location of the parcel of land which she claimed, although only part of it was under cultivation, her title extended to the boundaries of her claim, though the land had never been surveyed.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 547–574; Dec. Dig. ☞ 100.]

Appeal from District Court, Walker County; S. W. Dean, Judge.

Action by W. M. Williamson and wife against the Thompson Bros. Lumber Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

Townes & Vinson, of Houston, and Hill & Elkins, of Huntsville, for appellant. Dean, Humphrey & Powell, of Huntsville, for appellees.

FLY, C. J. W. M. Williamson and Martha Williamson, his wife, instituted this suit against appellant to try title to 160 acres of land. They claimed to have a title by limitation of 10 years to the 160 acres of land. Appellant pleaded not guilty. The cause was tried without a jury, and resulted in a judgment in favor of appellees.

The trial judge filed his conclusions of fact and law, and there is also a statement of facts filed in this court.

[1] The first and second assignments of error assail the sufficiency of the evidence to sustain the judgment because it was shown that appellees were living on a tract of 100 acres of land owned by them, which lies east of the land in controversy. The facts clearly show that the mother of Mrs. Williamson, after the death of her husband, in 1864, moved into a house which he had erected on the land in controversy, put several acres in cultivation, claiming 160 acres, and lived in that house until 1876, when she bought the 100 acres off the T. B. White survey adjoining the land in controversy. She built a house on the 100-acre tract in 1876 and moved into it, but still claimed and exercised control over the 160 acres in the Upper Jose Ortega grant. She had been in actual possession of the last-named tract of land for at least 12 years before she owned any other land. Her title by limitation was then perfected. The findings of fact of the trial judge are sustained by the statement of facts, and are approved by this court. The mother of Mrs. Williamson claimed the identical 160 acres which was surveyed in 1913. She knew about where the boundaries of the 160 acres were by the boundaries of surrounding tracts of land.

[2] The third assignment of error complains that judgment was not rendered in its favor for all of the land except 6½ acres. Appellant did not attempt to show that it had any right, title, or interest in the land, not even that it was in possession of the land. The claim is made that appellees could not claim 160 acres of land because it had not been surveyed, and they did not know the exact location of the land until 1913, when they had it surveyed. The claim to the land which perfected title by limitation was that made by the mother of Mrs. Williamson, and the latter swore that her mother claimed the identical land afterwards surveyed. She swore that her mother claimed land to the league line on one side and over to the Harper tract and to the T. B. White on another side. Her mother knew the land she was claiming, and it is the identical land in controversy. The evidence did not leave it in doubt as to what land was claimed by the mother of Mrs. Williamson during the 12 years she was on it. The same land had been claimed by appellees for over 20 years.

There is no merit in any of the assignments of error, and the judgment is affirmed.