### REDMAN et al. v. COOPER.

#### No. 14339.

Court of Civil Appeals of Texas. Ft. Worth.

March 13, 1942.

Brannan & Tipps, of Wichita Falls, for appellants.

Homer B. Latham, of Bowie, for appellee.

BROWN, Justice.

Appellee Cooper brought suit in trespass to try title against appellants, and pleaded that if appellants ever had any claim or title to the 30 acres in controversy they had lost same by reason of the statute of limitations of ten years, R.C.S. art. 5510, he and those under whom he claims having had adverse possession of same for more than ten years prior to filing suit.

Tried to a jury, only the issue of peaceable and adverse possession for ten years was submitted and same being answered favorably to appellee, judgment was rendered for him and the defendants below appealed.

The points advanced in appellants' brief are copied verbatim from the motion for a new trial.

■ We do not believe that we are warranted in considering the first and second points, or assignments of error. They are: "(1) Because the verdict of the jury is contrary to the evidence", and "(2) Because the judgment of the court is contrary to the law".

See Rule 322, and Clarendon Land, etc., Co. v. McClelland, 86 Tex. 179, 23 S.W. 576, 1100, 22 L.R.A. 105.

If it is our duty to consider these assignments of error, we find no merit in them, as further shown in the opinion.

The third assignment of error asserts that the trial court erred in refusing to grant appellants' motion for an instructed verdict, in that the plaintiff has wholly failed to show that he and his predecessors in title have been in possession of, or claimed the specified tract of land as described in plaintiff's petition for a period of ten years next preceding the filing of the suit.

It is readily deducible from the evidence that more than thirty years ago when W. T. Small and wife executed a deed to J. W. Robertson conveying by metes and bounds a certain tract of 80 acres, and including in the deed the words, "more or less", that they delivered to Robertson a tract of land under fence, and that Robertson went into possession, and that he and those under him down to appellee Cooper have had actual, adverse and peaceable possession thereof for more than 30 years; and it is likewise readily deducible from the evidence that the 30 acres in controversy lie within the boundaries of the fence that was on and has been continuously on and around the land, the possession of which was delivered to Robertson by Small.

A plat was made by plaintiff and introduced in evidence. When this plat was introduced in evidence it is made to appear that it purported to show the fence lines around the property claimed by the plaintiff, and the measurements of such lines.

The court permitted the plat to be introduced in evidence for the purpose of "substantially showing the shape of the land". The boundary measurements made by the plaintiff were denied admission by the trial court, and the objection made by appellants was: "I want to make this objection: The thirty acres he's sued for is set out by metes and bounds, and if that number is larger or smaller it will change the number of acres in that (evidently meaning the land embraced in the pleading), and now you are permitting him to testify as to all the fence lines. If these are enlarged, it will vary the number of acres involved in that piece of ground."

After the plat was introduced in evidence for the sole purpose of "substantially showing the shape" of plaintiff's land, appellants cross-examined the plaintiff on the plat and asked him: "Where is this excess land? Where is your 80 acres that you got a deed to?" To which the plaintiff answered: "I don't know just what part of it the deed covers", and the further questions were then propounded to plaintiff and answered by him:

"Q. You don't know where that thirty acres is that you are suing for? A. There's thirty acres of excess land, all right, but there's no markers anywhere. It's all under my fence.

"Q. But you don't know where it is. There's no way to determine it? A. No, sir."

■ We wish to observe that we are of opinion that the trial court erred in not permitting the measurements, as shown by the plat, to be introduced in evidence.

We know of no rule of law that would deny a party litigant suing for land inside of his fence from measuring his fence lines and testifying to measurements and to the number of acres within the fence lines. It takes no surveyor to do this. Any child who has gone through the sixth or seventh grade of our public schools can make such calculation with reasonable accuracy. Texas & N. O. R. Co. v. Broom, 53 Tex.Civ. App. 78, 114 S.W. 655, writ refused.

■ We cannot say that, with the several deeds, the testimony of Jim Small and the other testimony before it, there was no evidence to support the verdict of the jury. 2 Tex.Jur. para. 46, page 88, para. 48, page 92, para. 65, page 124, para. 95, page 178; Moran v. Moseley, Tex.Civ.App., 164 S.W. 1093; Wingfield v. Smith, Tex.Civ,

App., 241 S.W. 531, writ refused; Houston Oil Co. v. Lambert et al., Tex.Civ.App., 161 S.W. 6; Thompson Brothers Lumber Co. v. Williamson, Tex.Civ.App., 177 S.W. 987, writ refused; Bruce v. Washington et al., 80 Tex. 368, 15 S.W. 1104; Hand v. Swann, 1 Tex.Civ.App. 241, 21 S.W. 282; Logan v. Meade et al., 43 Tex.Civ.App. 477, 98 S.W. 210; McAnally v. Texas Co., 124 Tex. 196, 76 S.W.2d 997; Port City Co. v. Peck et ux., Tex.Civ.App., 42 S.W.2d 275; Davis et al. v. Receivers of Houston Oil Co., 50 Tex.Civ.App. 597, 111 S.W. 219.

Our interpretation of the objection made by defendants to the right of plaintiff to testify to the measurements he made of his fence lines that mark the boundaries of his enclosed lands is that, if the plaintiff were permitted to so testify, such testimony would show that the boundary lines are greater than that of the 30 acres sued for and described in plaintiff's petition, and therefore the measurements made by plaintiff, if he be permitted to testify to them, would show more than that sued for.

We are of opinion that the above is a fair analysis of the objection made by appellants.

We do not believe the objection has merit, nor do we believe that such facts, if they are shown to exist, would deny the plaintiff the right to recover.

■ We so hold because we understand the rule to be that, if the plaintiff be suing for a definite number of acres within his enclosure and the evidence introduced by him discloses that there are more acres within his enclosure than that sued for, this fact will not defeat his right to recover the land sued for, but that he will be permitted to recover only the amount sued for.

We are unable to see that the facts in this case are so different from those shown in Thompson v. Dutton, 96 Tex. 205, 207, 71 S.W. 544, and Williams v. Texas & N. O. R. Co., 52 Tex.Civ.App. 217, 114 S.W. 877, writ dismissed; as that we should hold that the issue of adverse possession should not have been submitted to the jury, or that the evidence does not support the jury's verdict.

The case of O'Connor v. Presswood, Tex.Civ.App., 76 S.W.2d 799, seems to support our views in the instant suit.

We are unable to see merit in the contention that there was a break in the chain of title.

■ Bearing in mind the following facts: W. T. Small conveyed to J. W. Robertson, Robertson conveyed to J. T. Farquhar; Farquhar gave a deed of trust to S. B. Alsabrook; Mrs. Alsabrook sold the property under the deed of trust and bought it in; Farquhar executed a quitclaim deed to Mrs. Alsabrook reciting the satisfaction of the indebtedness owed by Farquhar to her, and Mrs. Alsabrook conveyed to appellee Cooper; the trustee's deed to Mrs. Alsabrook simply describes the property as 80 acres, by metes and bounds. The quitclaim deed from Farquhar to Mrs. Alsabrook bears a similar description, as does the warranty deed from Mrs. Alsabrook to Cooper; appellants contend that there is a break in the chain of possession and that Cooper cannot assert title under the statute of limitations providing for ten years of adverse possession.

We do not find where appellants' authorities cover such a situation as is before us.

We believe that the facts before us show a privity of estate between the parties leading up to the possession by Cooper.

It is evident that Farquhar delivered unto Cooper such possession as he may have had. See Vol. 2 Tex.Juri., pp. 166 to 173, paras. 87 to 91. McAnally v. Texas Co., 124 Tex. 196, 76 S.W.2d 997.

Finding no reversible error, the judgment is affirmed.