**592**

Mrs. C. E. CANNON et vir, Appellants,

v.

Nick KEMP, Appellee.

No. 16158.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 13, 1961.

Rehearing Denied Feb. 10, 1961.

Elmo Irby, Fort Worth, for appellants.

Richard Owens, Fort Worth, for appellee.

BOYD, Justice.

Mrs. C. E. Cannon, joined by her husband, C. E. Cannon, sued Nick Kemp and The Union Bank & Trust Company for title to and possession of a strip of land 30 feet east and west and 724.2 feet north and south, which land lies east of and joins the east boundary line of a 5-acre tract held by Mrs. Cannon under a chain of title. The Bank did not answer. A jury was impaneled but at the close of the evidence both sides moved for an instructed verdict and Kemp's motion was granted. Judgment was rendered that the plaintiffs take nothing by their suit and that Kemp have judgment for the title to and possession of the strip of land described in the plaintiffs' petition. The Cannons have appealed.

Appellants contend that the court erred in granting appellee's motion for instructed verdict, and in not granting appellants' motion. Appellee's principal contention is that the court correctly instructed a verdict for him because appellants failed to show any legal description of the land claimed by them.

It was shown that since 1915 the disputed strip of land was enclosed with appellants' 5-acre tract, and had been used by them and their predecessors in title until appellee destroyed the fence along the east side of the disputed strip in May, 1956. Appellee then built a fence along the east side of appellants' 5-acre tract, and since that time has occupied and used the disputed strip.

All the witnesses agreed that the old fence on the east side did not exactly parallel the east line of the 5-acre tract. Appellant C. E. Cannon testified that it was "around" 30 feet east of the present fence; that it followed a bend in a creek, and when it reached the north line of 35th Street it was about 60 feet east of the present fence.

Mrs. Cannon testified that the old fence was not absolutely straight but was about 30 feet east of the new fence. Appellee introduced field notes prepared by a surveyor who had been engaged by appellants, which

described a tract 26½ feet east and west, adjoining the east line of the 5-acre tract. Mrs. Cannon further testified that appellee's surveyor put stakes about 10 feet farther west than her surveyor did, and that the new fence was 2 or 3 feet farther west than the stakes placed by her surveyor.

Bates testified that the old fence ran parallel to the new fence, and 30 to 40 feet east of it, "down to a certain point here, then it cuts off, like this is here."

Harmon testified that the old fence was from 30 to 60 feet east of the new fence, and that it varied approximately 15 to 20 feet at the south end, where it reached a creek, and went east around the creek. This bend started about 150 feet north of 35th Street, which is the south boundary line of the land in controversy.

■ In a suit for the recovery of land the claimant may recover less than the amount sued for. 41–A Tex.Jur., p. 747, sec. 198; Thompson v. Dutton, 96 Tex. 205, 71 S.W. 544; Williams v. Texas & N. O. R. Co., 52 Tex.Civ.App. 217, 114 S.W. 877. And it has been held that if he sues for a definite number of acres within his enclosure and the evidence discloses that there are more acres within his enclosure than that sued for, this fact will not defeat his right to recover the land sued for. Redman v. Cooper, Tex.Civ.App., 160 S.W.2d 318.

■ We think the evidence showed conclusively that some of the land sued for by appellants had been in their enclosure for 30 years, and raised an issue as to whether all the land sued for, and more, was in said enclosure.

■ A claimant may recover by virtue of prior possession, without proof of title, where no title is shown in the defendant. Lorino v. Crawford Packing Co., 142 Tex. 51, 175 S.W.2d 410. Appellee testified that he owned the property adjoining Mrs. Cannon's property on the east; that he had

bought it; that he paid for it; and that he had a deed and abstract to it. He did not introduce a deed or any other muniment of title to any land, either east or west of the old fence.

■ Where the very question is one of title, it cannot be established by the conclusion of a witness. Gilbert v. Odum, 69 Tex. 670, 7 S.W. 510; Dominguez v. Garcia, Tex.Civ.App., 36 S.W.2d 299; 32 C.J.S. Evidence § 469, p. 109.

The judgment is reversed and the cause remanded.