**Reversed, Remanded, and Memorandum Opinion filed October 4, 2016.**



In the

# Fourteenth Court of Appeals

### NO. 14-15-00613-CV

## CALVIN HEARNE AND BEVERLY HEARNE, Appellants

## V.

## KHERA INTEREST, INC., Appellee

**On Appeal from the 234th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2014-61155**

## M E M O R A N D U M   O P I N I O N

Appellants Calvin and Beverly Hearne appeal the trial court's grant of final summary judgment in favor of appellee Khera Interest, Inc., on the Hearnes' claim for trespass to try title based on prior possession not abandoned. The Hearnes raise a single issue on appeal: whether the trial court erred in granting summary judgment based on Khera's record title, in spite of the Hearnes' claim of better title based on their allegation that the property is their homestead. Because Khera did not prove its right to judgment as a matter of law, we conclude that the trial court

erred in granting summary judgment on the Hearnes' trespass-to-try-title claim. We therefore reverse and remand.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In 1980, the Hearnes purchased a property at 9401 Haddick Street, where they have since resided.  They used such property as their constitutionally protected homestead. In 1996, the Hearnes purchased two lots contiguous to their homestead property, commonly known as 9406 Seeker Street (hereinafter, the "Property"), and removed a chain link fence for ease of access. Since 1996, the Hearnes have used the Property for family gatherings, storage of personal property, and a vegetable garden.

In 1998, a judgment was rendered against Calvin Hearne as defendant in a suit brought by John Moore Plumbing Company, Inc. In 2005, John Moore Plumbing obtained a turnover order, and the court appointed Peter Pratt, Jr., as receiver of Calvin Hearne's nonexempt property. In February 2006, Pratt signed a deed in which he purported to convey title to the Property from Calvin Hearne to Pratt as receiver.

In August 2006, Pratt signed a deed purporting to convey the Property to Chancery Lane Holdings. In October 2006, Chancery Lane signed a deed purporting to convey the Property to Khera. In 2006, the Hearnes ceased paying property taxes on the Property, and Khera began paying them. According to the Hearnes, they only ceased paying the Property's taxes because they stopped receiving a tax bill.

Sometime in September or October 2014, Khera entered onto the Property and began dumping dirt on it in order to develop it. In October 2014, the Hearnes filed a lawsuit against Khera, asserting a trespass-to-try-title action. The Hearnes

2

alleged that since their acquisition of the Property they have possessed and used it as an extension of their homestead. The Hearnes further alleged that because the Property was the Hearnes' homestead, all of the 2006 deeds described above are void. If the Property was the Hearnes' homestead in 2005 and 2006, then it would not have been Calvin Hearne's nonexempt property and would not have been subject to the receivership. In the alternative, the Hearnes alleged adverse possession of the Property. The Hearnes also sought a declaratory judgment that the 2006 deeds are void. Khera responded by denying each of the Hearnes' allegations and asserting that it was "NOT GUILTY" of the Hearnes' claims.

Khera filed a motion for traditional and no-evidence summary judgment claiming "[t]here is no evidence the [P]roperty is [the Hearnes'] homestead,"[1] and that the Hearnes either had waived their right to claim the Property as their homestead or that their claim for homestead was barred by laches. Khera also asserted that there was no evidence to support various elements of adverse possession by the Hearnes. The trial court granted summary judgment on the Hearnes' adverse-possession claim, but denied summary judgment as to the homestead issues.[2]

Khera then brought a second motion for final summary judgment, asserting that, because Khera had established record title, Khera had disproven the Hearnes' trespass-to-try-title claim based on prior possession not abandoned as a matter of law. The trial court granted Khera's second motion for summary judgment, and the Hearnes filed a timely notice of appeal.

---

[1] Khera did not specify which elements of the Hearnes' homestead claim it was challenging based on no evidence.

[2] On appeal, the Hearnes do not challenge the trial court's order granting summary judgment on adverse possession.

## II.   STANDARD OF REVIEW AND APPLICABLE LAW

### A. Standard of review

We review de novo a trial court's granting of summary judgment. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A motion for summary judgment must specifically state the grounds on which a judgment is sought; courts cannot sustain summary judgment on a ground not presented. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 339 (Tex. 1993).

In its order granting final summary judgment, the trial court granted Khera's second motion for summary judgment.   The appropriate standard of review depends on whether the motion was a traditional motion for summary judgment, a no-evidence motion, or both. Therefore, we must determine the substance of Khera's second motion.

Traditional summary judgment is proper when the movant establishes there is no genuine issue of material fact and he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *M.D. Anderson Hosp. & Tumor Inst. V. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam). No-evidence summary judgment is proper if the nonmovant fails to bring forward more than a scintilla of probative evidence that raises a genuine issue of material fact supporting each essential element of the nonmovant's claim as contested in the motion. Tex. R. Civ. P. 166a(i); *Timpe Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009).

As to their allegation that the Property has been their homestead since 1996, the Hearnes bear the initial burden of proof. *See Almanza v. Salas*, No. 14-12-01114-CV, 2014 WL 554807, at *3 (Tex. App.—Houston [14th Dist.] Feb. 11, 2014, no pet.) (mem. op.) (to establish homestead rights, claimant has initial burden to show both overt acts of homestead usage and owner's intention to claim

the land as homestead, then burden shifts to defendant to disprove continued existence of homestead); *Sanchez v. Telles*, 960 S.W.2d 762, 770 (Tex. App.—El Paso 1997, writ denied). A motion for summary judgment on the grounds that there was no evidence to support either or both of the specific elements of intent or overt acts of the Hearnes' homestead claim would be a no-evidence motion. *See* Tex. R. Civ. P. 166a(i). However, even though Khera's second motion for final summary judgment cited the no-evidence standard, Khera exclusively argued that Khera's record title disproved the Hearnes' trespass to try title claim based on prior possession not abandoned as a matter of law. Khera in substance presented a traditional motion for summary judgment. *See id.* 166a(c).

When reviewing a traditional summary judgment granted in favor of the defendant, we determine whether the defendant conclusively disproved at least one element of the plaintiff's claim or conclusively proved every element of an affirmative defense. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005); *Farmers Ins. Exch. v. Rodriguez*, 366 S.W.3d 216, 221 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). In deciding whether a dispute of material fact exists that precludes summary judgment, we must take evidence favorable to the nonmovant as true, and we must indulge every reasonable inference and resolve all doubts in favor of the nonmovant. *Willrich*, 28 S.W.3d at 23–24.

### B. Texas homestead law

"The purpose of the homestead exemption is to provide a secure home for the family against creditors." *Salomon v. Lesay*, 369 S.W.3d 540, 554 (Tex. App.—Houston [1st Dist.] 2012, no pet.). Homestead property is constitutionally

protected and cannot be forcibly sold to satisfy a judgment debt. *See* Tex. Const. art. XVI, § 50 (providing for certain enumerated exceptions); *Benchmark Bank v. Crowder*, 919 S.W.2d 657, 660 (Tex. 1996); *Salomon*, 369 S.W.3d at 554. "Constitutional homestead rights protect citizens from losing their homes." *Almanza*, 2014 WL 554807, at *4. Homestead rights are strongly protected in Texas, and statutes concerning homestead rights are liberally construed to effect that protection. *Grant v. Clouser*, 287 S.W.3d 914, 919 (Tex. App.—Houston [14th Dist.] 2009, no pet.); *see Salomon*, 369 S.W.3d at 554.

The initial burden is on the party claiming homestead rights to establish by a preponderance of the evidence: (1) an intent that the property in question be the party's homestead and (2) overt acts consistent with such intent. *See Almanza*, 2014 WL 554807, at *3; *Sanchez*, 960 S.W.2d at 770; *see Salomon*, 369 S.W.3d at 554 ("It is well settled in Texas that in order to establish homestead rights, there must be proof of concurrence of usage and intent on the part of the owner to claim the land as a homestead."). "Once homestead rights are shown to exist in a property, they are presumed to continue in the absence of evidence to the contrary." *Almanza*, 2014 WL 554807, at *4. Also, once a property is dedicated as homestead, it can only lose such designation by abandonment, alienation, or death of the claimant. *Id.*; *see Intertex, Inc. v. Kneisley*, 837 S.W.2d 136, 138 (Tex. App.—Houston [14th Dist.] 1992, writ denied).

Under Texas law, a homestead may be composed of multiple contiguous lots. *See* Tex. Const. art. XVI, § 51; Tex. Prop. Code Ann. § 41.002(a) (West 2014). Whether a tract of land is protected homestead property is question of fact. *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 160 (Tex. 2015). If, as the Hearnes allege, the Property was their homestead in 2005 and 2006, then Pratt, as receiver of Calvin Hearne's nonexempt property, would have had no power to

convey title in the Property.

### III.   ANALYSIS

In its second motion for final summary judgment, Khera asserted that, because it has good record title in the Property, as a matter of law it disproved the Hearnes' claim for trespass to try title based on prior possession that has not been abandoned. Khera primarily cited *Reiter v. Coastal Sales* in support of this proposition. 382 S.W.2d 243 (Tex. 1964).

If a trespass-to-try-title plaintiff establishes prior possession of the disputed property which had not been abandoned, this creates a rebuttable presumption that the plaintiff holds title to the disputed property.  *See id.* at 251; *Kennedy Con., Inc. v. Forman*, —S.W.3d—,—, 2016 WL 4706375, at *5–6 (Tex. App.—Houston [14th Dist.] Sept. 8, 2016, no pet. h.). The doctrine is based on "the theory that one in possession should not be disturbed unless it be by one having a better title." *Reiter*, 382 S.W.2d at 251. The defendant may rebut this presumption by showing that it has better title to the property than the plaintiff. *Id.*; *Kennedy Con.*, 2016 WL 4706375, at *5–6. However, neither *Reiter* nor the other cases cited in Khera's second motion for summary judgment conclusively establish that a plaintiff arguing prior possession cannot ever prevail over a party who claims right to possession based on record title, which the plaintiff asserts is void based on a claim of homestead.[3] *See Kennedy Con.*, 2016 WL 4706375, at *5–6 (concluding that following proof of prior possession not abandoned, defendant's record title, by itself, did not show defendant had better title to the property than plaintiff so as to rebut presumption that plaintiff holds titled to disputed property).  In other words,

---

[3] *See also Spinks v. Estes*, 546 S.W.2d 390, 391–92 (Tex. App.—Tyler 1977, writ ref'd n.r.e.); *Cannon v. Kemp*, 342 S.W.2d 592, 593 (Tex. App.—Fort Worth 1961, no pet.); *Massey v. Lewis*, 281 S.W.2d 471, 477–78 (Tex. App.—Texarkana 1955, writ ref'd n.r.e.).

although the prior possessor's presumption of title ultimately may be rebutted by title proven to be better by the defendant, the mere showing of record title does not as a matter of law automatically defeat a trespass-to-try-title claim based on prior possession not abandoned. *See id.*

Therefore, the Hearnes could properly plead trespass to try title based on prior possession of the Property not abandoned and seek to offer proof that they had possessed the Property continuously as their homestead since they purchased it, thereby voiding the forced conveyance by the court-appointed receiver of Calvin Hearne's nonexempt property and consequently voiding Khera's "good" title. *See* Tex. Const. art. XVI, § 50.

In its second summary-judgment motion, Khera did not assert that the Property was not the Hearnes' homestead. We may affirm the trial court's summary judgment based only on a ground expressly stated in the second summary-judgment motion.[4] *See Stiles v. Resolution Trust Corp.,* 867 S.W.2d 24, 26 (Tex. 1993).

In addition, Khera's contention that summary judgment was proper because the Hearnes' homestead right "was waived, abandoned, or otherwise unenforceable due to laches" fails because this ground was not asserted in the second summary-judgment motion. *See id.*[5]

---

[4] In any event, the summary-judgment evidence did not conclusively disprove any essential element of the Hearnes' homestead allegation.

[5] Khera raised waiver and laches in its first motion. The record reflects that in its response to the Hearnes' reply to Khera's second motion for final summary judgment, Khera requested that the trial court reconsider its prior ruling denying Khera's first motion for summary judgment on the homestead issues. The trial court's order granting final summary judgment states: "The Court finds [Khera's] Second Motion should be granted" without specifying a ground. The trial court's order does not state that the court was granting summary judgment based on any reconsideration of Khera's first motion. In any event, the summary-judgment evidence did not conclusively establish that the defense of waiver or laches barred the Hearnes'

Therefore, we conclude that the trial court erred by granting summary judgment in favor of Khera on the Hearnes' trespass-to-try-title claim.[6] We sustain the Hearnes' issue.

## IV. CONCLUSION

Accordingly, we reverse the trial court's order granting final summary judgment and remand for proceedings consistent with this opinion.


/s/  Marc W. Brown
    Justice


Panel consists of Chief Justice Frost and Justices McCally and Brown.

---

homestead claim.

  Khera also argues that the Hearnes did not meet the pleading requirements for trespass to try title. Specifically, Khera contends the Hearnes never pleaded that they lost possession of the Property, only that Khera threatened to take possession. *See* Tex. R. Civ. P. 783(e). Khera never raised this ground below and, therefore, we cannot sustain summary judgment on such ground. *See Stiles*, 867 S.W.2d at 26; *McConnell*, 858 S.W.2d at 339. In any event, the Hearnes sufficiently alleged that in September 2014, over the Hearnes' objection, Khera unlawfully entered onto the Property, began dumping dirt, and indicated its intention to build a fence on the Property. Nor do we agree with Khera's contention, unsupported by any authority, that summary judgment should be affirmed "[b]ased on the equities."